JSO

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 766 | **DATE** | 8/22/2001 |
| **CASE TITLE** | Haggerty Enterprises, Inc. vs. Lipan Industrial Co., Ltd. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: Defendant Lipan's motion to dismiss the plaintiff's complaint [26-1] is granted. Plaintiff has voluntarily dismissed all other defendants. Therefore, this case is dismissed in its entirety. This is a final and appealable order.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | AUG 23 2001 | |
| | Notified counsel by telephone. | date docketed | 36 |
| ✓ | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| TSA | courtroom deputy's initials | 01 AUG 23 AM 8:26 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HAGGERTY ENTERPRISES, INC., )
)
Plaintiff, )
) No. 00 C 766
v. )
) Judge Wayne R. Andersen
LIPAN INDUSTRIAL CO., LTD. )
)
Defendant. )

**DOCKETED**
**AUG 2 3 2001**

## MEMORANDUM AND OPINION ORDER

This case is before the Court on a motion to dismiss plaintiff's complaint filed by defendant Lipan Industrial Company. Plaintiff, Haggerty Enterprises, filed this action against defendant for federal trademark infringement, federal unfair competition, federal trademark dilution, violation of the Uniform Deceptive Trade Practices Act, violation of Illinois Anti-Dilution statute, infringement of a trademark registered under Illinois statutory law, and common law trademark infringement and unfair competition. Defendant argues that plaintiff has not established personal jurisdiction We agree and, for the following reasons, grant defendant Lipan's motion to dismiss for lack of personal jurisdiction.

## BACKGROUND

On a motion to dismiss, the facts must be considered in a light most favorable to the plaintiff. Therefore, the following facts alleged by plaintiff will be accepted as true for the purpose of this motion.

36

Plaintiff Haggerty Enterprises is an Illinois corporation and is primarily in the business of selling novelty products, including motion lamps. Defendant Lipan is a Taiwanese corporation that is also involved in the manufacture of motion lamps.

Plaintiff alleges that it is the sole owner of several federal and Illinois state registrations for motion lamps. Plaintiff's motion lamps are commonly known as Lava Lamps. The lamps are decorative and, when turned on, globules of various colors circulate in the lamp's fluid-filled center. Plaintiff uses LAVA® as its trademark for these motion lamps and other products. Plaintiff alleges that the configuration of defendant's motion lamps is confusingly similar to plaintiff's and that both companies' motion lamps are sold in the same trade channels and to the same target customers.

Plaintiff asserts that defendant has attended trade shows in Los Angeles, New York City, and Boston. Plaintiff argues that defendant distributes advertisements and directly sells its products to national retailers at these trade shows. Further, plaintiff asserts that defendant's internet website is accessible in Illinois. The website describes Lipan's products and provides an email address to contact the company.

Plaintiff filed a seven count complaint in this Court alleging: (1) unfair competition in violation of 15 U.S.C. §1125(a); (2) federal trademark infringement in violation of 15 U.S.C. § 1114; (3) federal trademark dilution in violation of 15 U.S.C. §1124(c); (4) a violation of the Illinois Anti-Dilution Statute, 765 ILCS 1036/65; (5) deceptive trade practices in violation of the Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 et seq.; (6) infringement of a trademark registered under Illinois statutory law in violation of 765 ILCS 1036/60; and (7) common law trademark infringement and unfair competition.

Plaintiff has provided one affidavit, signed by one of its employees, stating that a Haggerty employee bought a Lipan motion lamp at an Illinois Kmart store prior to the filing of this complaint,

and a Lipan lamp from an Illinois Walgreens store and another from the website, Hippieheaven.net, after the filing of this complaint.

Defendant argues that this Court does not have personal jurisdiction over it because defendant does not have sufficient contacts with Illinois and because plaintiff did not serve defendant according to the requirements of Taiwanese law. Specifically, defendant argues that it conducts business entirely in Asia and that its products are manufactured in Taiwan for delivery only in Hong Kong, China. Defendant argues that it has never conducted any business in Illinois, has never owned any assets or property in Illinois, has never had any offices or employees in Illinois, has never made use of Illinois courts of law, and has never solicited business or advertised in Illinois.

## DISCUSSION

The Lanham Act does not authorize nationwide service of process and, thus, does not specifically authorize this Court's jurisdiction over defendant. Therefore, this Court has personal jurisdiction over defendant only if an Illinois court would have such jurisdiction. Turnock v. Cope, 816 F.2d 332, 334 (7th Cir. 1987).

Prior to a trial on the merits, a court may receive and weigh affidavits in order to determine whether personal jurisdiction over a defendant is proper. O'Hare International Bank v. Hampton, 437 F.2d 1173, 1176 (7th Cir. 1971). The plaintiff carries the burden of demonstrating that the forum state has jurisdiction over the defendant. Nelson v. Park Industries, Inc., 717 F.2d 1120, 1123 (7th Cir. 1983). It must meet that burden by making a prima facie showing of jurisdiction. Id. If factual disputes arise from the affidavits, the court must resolve them in favor of the plaintiff. O'Hare, 437 F.2d at 1176. However, the court will take as true all facts in the defendant's affidavits

that are unrefuted by the plaintiff. Boese v. Paramount Pictures Corp., 1994 WL 484622, *2 (N.D.Ill. Sept. 2, 1994).

Illinois courts will assert jurisdiction over a defendant in a diversity action only after the satisfaction of state statutory law, constitutional law, and federal constitutional law. RAR Inc. v. Turner Diesel, Ltd., 107 f3d 1272, 1276 (7th Cir. 1997).

I.  Statutory Law

Plaintiff argues that it has personal jurisdiction over defendant under two long-arm statutory provisions. It argues that we have jurisdiction because defendant committed a tort in Illinois, 735 Ill. Comp. Stat. 5/2-209(a)(2), and because this case is included in the catchall provision which states that, "a court may also exercise jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." 735 Ill. Comp. Stat. 5/2-209(c).

The infringement of intellectual property rights is a tort. If plaintiff's trademark has been infringed upon and impaired, as plaintiff alleges, the injury will be felt in Illinois, the state of plaintiff's principal place of business. Indianapolis Colts, Inc. v. Metro. Baltimore Football Club Ltd. Partnership, 34 F.3d 410, 411 (7th Cir. 1994). Thus, construing the facts in a light most favorable to plaintiff, defendant Lipan has committed a tort in Illinois.

Even if defendant's actions were not tortious, the long arm statute will authorize personal jurisdiction over defendant if such jurisdiction comports with state and federal constitutional law. Because Illinois authorizes personal jurisdiction "to the limit" allowed by the United States Constitutional Due Process Clause, we will simply analyze whether an exercise of jurisdiction comports with the federal Due Process Clause. RAR, 107 F.3d at 1276-77.

II. Federal Due Process Requirements for Personal Jurisdiction

Personal jurisdiction over a nonresident defendant is determined by the strength of the relationship between the defendant and the forum state. The Fourteenth Amendment's Due Process Clause requires that a defendant have "certain minimum contacts with [Illinois] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. " International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

There are two jurisdictional standards for a finding of minimum contacts: specific and general jurisdiction. Plaintiff asserts that this Court has specific personal jurisdiction over defendant. Specific jurisdiction is exercised when the controversy of the litigation is related to or "arises out of" the defendant's contacts with the forum. Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 (1984). As a result of the relationship between the defendant, the forum, and the litigation, the plaintiff asserting specific jurisdiction need only establish a "minimum" threshold of contact. Sutherland v. Cybergenics Corp., 907 F. Supp. 1218, 1222 (N.D. Ill. 1995).

A defendant is said to have minimum contacts with a state if, by some act, it has purposefully availed itself of the privilege of conducting activities within the forum state. Hanson v. Denckla, 357 U.S. 235, 253 (1958), citing International Shoe v. State of Washington, 326 U.S. 310, 319 (1945). If this is the case, the Supreme Court has said that the defendant has "fair warning" and could "reasonably anticipate being haled into" the forum state's courts. Burger King v. Rudzewicz, 471 U.S. 462, 477-8 (1984).

Plaintiff has asserted that defendant placed its products in the stream of commerce with the expectation that Illinois customers will purchase them. Plaintiff attempts to demonstrate this through the single employee-affidavit setting forth one alleged purchase of an unspecified Lipan

5

product and two post-filing alleged purchases of two unspecified Lipan products. Plaintiff further contends that defendant has tried to secure the purchase of its products in "as many forums as possible" because defendant has been an exhibitor at trade shows in three other states. Plaintiff argues that the foregoing reasons are sufficient to establish that defendant could have reasonably expected to be haled into an Illinois court.

We do not find plaintiff's arguments convincing. Applying the minimum contacts test to the instant case, we hold that defendant Lipan's contacts with Illinois are insufficient to establish personal jurisdiction over it.

Two of plaintiff's employees have allegedly purchased Lipan products from retail stores in Illinois. However, two of the three alleged purchases were post-filing purchases and will not be considered in this action because jurisdiction is generally determined by facts existing at the case filing. Newman-Green Inc., v. Alfonzo-Larrain, 490 U.S. 826, 830 (1989). Allowing a party's post-filing actions to affect jurisdiction would only be an "invitation to strategic behavior" that would enable parties to defeat or create jurisdiction as it would help their case. Johnson v. Burken, 930 F.2d 1202, 1205 (7th Cir. 1991); see also DeSantis v. Hafner Creations, 949 F. Supp. 419, 424-25 (E.D. Va. 1996). Jurisdiction may not be manufactured by the conduct of others. Chung v. NANA Dev. Corp., 783 F.2d 1124, 1127 (4th Cir. 1997).

Plaintiff asserts that the sale of a manufacturer's products in the forum state is sufficient to establish minimum contacts with that state. However, without a showing of purposeful conduct on the manufacturer's part, directed at Illinois, there are not sufficient grounds for finding minimum contacts. "Placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State." Asahi Metal Industry Co., Ltd. v. Superior Court of California, Solano County, 480 U.S. 102, 112 (1987). Plaintiff has not shown any

6

expectation on defendant's part that it intended to deliver or had reason to believe that its products would land in Illinois.

In Asahi, a Japanese manufacturer of tire valves routinely sold its valves to a Taiwanese tire manufacturer. The tire manufacturer then sold 20% of its tires to California. After a deadly car crash in California, Asahi was joined as a defendant in a products liability action. The Supreme Court reversed the California Superior Court's denial of Asahi's motion to dismiss for lack of personal jurisdiction. The Supreme Court held that, even if the defendant could have foreseen that its valves might be used on tires sent to California, that alone was not sufficient to "convert the mere act of placing the product into the stream [of commerce] into an act purposefully directed toward the forum state." Asahi, 480 U.S. at 112.

Moreover, the Supreme Court explained that Asahi "did not create, control, or employ the distribution system" that brought its products into the forum state and that there was no evidence that the product was designed in "anticipation of sales" in the forum state. Id. at 112-113. Exerting personal jurisdiction over a defendant under these facts "exceeds the limits of due process." Id. at 113.

In the instant case, a foreign manufacturer's product has landed in Illinois and has allegedly wronged another. Defendant alleges that it sells its products to third party distributors. The closest possible link between defendant and Illinois is that its lamps reached Illinois through an intermediary who independently profited from bringing them to Illinois. Therefore, there is no direct link between Lipan and Illinois.

Construing facts in a light most favorable to plaintiff, there has been a sale of a Lipan motion lamp at an Illinois Kmart store. The key question to our analysis is how the lamp arrived in Illinois, not that it arrived here. As noted, defendant alleges that it only sells its products to third party

7

distributors. A defendant's knowledge of what happens subsequently is the critical factor in determining whether there have been "purposeful" acts directed toward Illinois. The reasonableness of haling a defendant manufacturer into a foreign court depends on whether the defendant is aware of the distribution system. Nelson v. Park Industries, Inc. 717 F.2d 1120, 1126 (7th Cir. 1983). Plaintiff has not alleged any facts which show that defendant is aware that its products are being sold in Illinois.

The "purposeful availment" requirement, under International Shoe, ensures that a defendant will not be haled into a jurisdiction solely as a result of "random," "fortuitous," or "attenuated" contacts. Burger King, 471 U.S. at 475. The mere possibility that a defendant's products may be sold to Illinois customers by third party distributors is not sufficient to establish jurisdiction. World-WideVolkswagon Corp. v. Woodson, 444 U.S. 286 (1980); see also Fidelity and Cas. Co. of New York v. Philadelphia Resins Corp., 766 F.2d 440 (10th Cir. 1985). In order to establish jurisdiction, the defendant must have "solicited the transaction in question" with the forum state. Federated Rural Elec. Ins. Corp. v. Inland Power and Light Co., 18 F.3d 389, 394 (7th Cir. 1994). The third party distributors of Lipan's products have likely brought Lipan's product to Illinois. Plaintiff makes no specific allegation that defendant solicited business, in any way, within Illinois. Without a showing of a distribution plan, which the defendant played a part in creating, personal jurisdiction based on purposeful contacts cannot be established.

Defendant's internet site and alleged attendance at the trade shows in Boston, Los Angeles, and New York are not sufficient to establish minimum contacts to enable a finding of personal jurisdiction in Illinois. There are three classifications of internet sites: active, passive, and a hybrid of the two. LaSalle National Bank v. Vitro, Sociedad Anonima, 85 F. Supp.2d 857, 862 (N.D. Ill., 2000). First, a website where the defendant directly sells its products is called "active." An active

8

website justifies the exercise of personal jurisdiction. Second, a website where the defendant posts product information or has other informational content is "passive." Purely informational websites do not create a basis for the exercise of personal jurisdiction. Finally, a website that allows a user to exchange information with the defendant, but does not directly sell products to users, is a hybrid between the active and passive. Personal jurisdiction may be exercised over defendants who run these sites, but only after finding the level of interactivity and the commercial nature of the interaction to be high. Keelshield, Inc. v. Megaware Keel-Guard, Inc., 1999 WL 300285, *6 (C.D. Ill., 2001).

The District Court in LaSalle held that the defendant's website was passive because there was no indication that it was using the site to directly sell its products. Id. The defendant's website had many features that one might consider active, yet are truly passive. These were: (1) a customer service page that allows a user with a password to directly interact with customer service representatives; (2) access to defendant's on-line catalogues; (3) a list of email addresses to use for more information; and (4) an email button for the media's use.

The "interactive" features of Lipan website are fewer in number and degree than those in LaSalle. Plaintiff attached, as exhibit 5 to the reply, a copy of the products lists from Lipan's website at the time of filing. The copy does not show the page where a user can contact Lipan, but Plaintiff sufficiently alleged that it existed. The site has since changed, but the slight level of interactivity with consumers and the commercial nature of those interactions has not changed. There are still no prices listed and, therefore, no attempt at any direct sale to consumers anywhere in the world. A consumer can contact Lipan, but it appears that they can only for informational purposes. Plaintiff has offered no evidence that Lipan has conducted business through its website. "A website set up as a resource for telling customers more about a company is a passive website." Resuscitation

Technologies, Inc. v. Continental Health Care Corp., 1997 WL 148567, *5-6 (S.D.Ind. March 24, 1997). We believe that Lipan's website is properly characterized as a passive website. However, even if it were classifiable as a hybrid, its nature is so informational and passive that the exercise of personal jurisdiction cannot be justified based on the existence of the website.

Finally, defendant's alleged presence at trade shows in Boston, Los Angeles, and New York is insufficient to establish that this Court has jurisdiction over defendant. The court will take the allegations in plaintiff's complaint as true, provided that defendant has not controverted them by affidavit or other evidence. Defendant has provided participant listings from two of the three trade shows. Defendant is not listed in either of them. Defendant alleges that it did not sponsor other exhibitors at either trade show. However, plaintiff included an affidavit in its reply to defendant's motion that reasserted defendant's presence at the shows. Thus, we must resolve this conflict in affidavits in plaintiff's favor.

Even if defendant was present at all three trade shows, plaintiff has still not shown any connection between defendant and Illinois. The trade shows were in different states and in different regions of the country. There is no offer of evidence suggesting any Illinois consumer purchased Lipan products as a result of defendant's alleged presence at the Boston, Los Angeles, and New York trade shows or that Lipan expects its presence at the trade shows to result in more business in Illinois.

Exercising jurisdiction over Lipan violates fundamental notions of fair play and substantial justice, as required by International Shoe. "Fairness" factors include the burden on the defendant, the interests of the forum state, the plaintiff's interest in obtaining relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest

of all states in furthering fundamental substantive social policies. World-Wide Volkswagon v. Woodson, 444 U.S. at 292.

In this case, the burden on defendant Lipan is severe. Compelling a Taiwanese company to traverse the globe to defend itself in a state that it does not even have "minimum" contacts with is a substantial burden. As the Supreme Court declared in Asahi, the "unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders." Asahi, 480 U.S. at 114.

The Asahi court went on to explain that, if minimum contacts are found between a defendant and a forum state, the plaintiff's and forum's interests will usually justify such international burdens. Id. Here, however, there are no minimum contacts and the reasoning of Asahi suggests that the plaintiff's and forum's interest will not justify the great burden on the Taiwanese defendant.

Further, the Seventh Circuit has held that there is no justification for forcing a defendant to litigate in an inconvenient forum if the defendant has not derived a benefit from the state. Afram Export Corp. v. Mettallurgiki Halyps, S.A., 722 F.2d 1358, 1362 (7th Cir. 1985). Plaintiff has not shown that defendant has derived a direct benefit from Illinois. Although defendant has, arguably, derived some positive benefit from the sale of its goods in Illinois, the direct benefit went to the third party who independently shipped the goods to Illinois.

Therefore, personal jurisdiction cannot be exercised over this defendant because defendant does not have "minimum contacts" with Illinois and because requiring a defendant with no contacts to defend a suit in Illinois violates fundamental notions of "fairness" and "substantial justice."

III. <u>Service of Process</u>

Defendant asserts that Plaintiff failed to serve it in accordance with Taiwanese law. Defendant thus argues that, under F.R.C.P. 12(b)(5), this Court cannot exercise personal jurisdiction over it. Because we have determined that plaintiff's claim over defendant is otherwise barred under F.R.C.P. 12(b)(2), we will not consider whether plaintiff's claim is barred by 12(b)(5) as well. In the event that the Court does face this issue we advise the parties that strict compliance with Taiwanese law will be expected by this Court.

## CONCLUSION

For the foregoing reasons, defendant Lipan's motion to dismiss the plaintiff's complaint is granted. Plaintiff has voluntarily dismissed all other defendants. Therefore, this case is dismissed in its entirety. This is a final and appealable order.

It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated: *August 22, 2001*